UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALVIN HILLS, INDIVIDUALLY AND                    CIVIL ACTION
ON BEHALF OF OTHERS
SIMILARLY SITUATED                               NO. 23-5740

VERSUS                                           SECTION M (4)

PAC HOUSING GROUP, LLC, *et al.*

# ORDER & REASONS

Before the Court is defendant Richard Hamlet's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, seeking dismissal of plaintiffs' "aiding and abetting" claim against him.[1] Hamlet argues that this claim must be dismissed because Louisiana law does not recognize an independent cause of action for "aiding and abetting."[2] Plaintiffs Alvin Hills, Donnell Matlock, and Jack Martin, on behalf of themselves and all other similarly situated ("Plaintiffs"), respond in opposition, arguing that they do not allege "aiding and abetting" as a stand-alone claim, but rather that Hamlet aided and abetted the other defendants – companies he owned and managed – in committing the underlying tort of negligent or intentional misrepresentation.[3] Hamlet replies in further support of his motion, arguing that Plaintiffs' operative complaint alleges conspiracy as the underlying tort for Hamlet's "aiding and abetting," which is impermissible.[4]

In the amended complaint, Plaintiffs allege that Hamlet aided and abetted the other defendants in committing the tort of negligent or intentional misrepresentation when the

---

[1] R. Doc. 36.
[2] *Id.*
[3] R. Doc. 38.
[4] R. Doc. 39.

defendants, through Hamlet, made such representations to tenants, prospective tenants, and the federal government.[5] To be sure, Plaintiffs specifically allege that "Hamlet and the [defendants] either negligently or in the alternative intentionally made the misrepresentations set forth above" – a reference to the preceding count alleging the negligent or intentional misrepresentation claims against the defendants.[6] Properly read, then, notwithstanding Plaintiffs' label of the count against Hamlet, the claim alleged is one for negligent or intentional misrepresentation, with the phrase "aiding and abetting" indicating that the tort was committed jointly with the other defendants. These allegations are sufficient to survive Hamlet's motion to dismiss.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Hamlet's motion to dismiss (R. Doc. 36) is DENIED.

New Orleans, Louisiana, this 4th day of April, 2024.

                                               BARRY W. ASHE
                                               UNITED STATES DISTRICT JUDGE

---

[5] R. Doc. 35 at 31-32, 55-56.
[6] *Id.* at 56.